**FILED**

JUL 2 6 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

——————————————————————x

GREGORY BARTKO
Reg. No. 61509019
FCI Yazoo City Low--Unit B-1
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194
Tel:  662-528-2297

        Plaintiff,

        vs.

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Washington, DC 20530

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION
100 F Street, NE
Washington, DC 20549

UNITED STATES POSTAL INSPECTION SERVICE
475 L'Enfant Plaza SW Room 3541
Washington, DC 20260

UNITED STATES DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF INVESTIGATION
935 Pennsylvania Ave., NW
Washington, DC 20530

UNITED STATES DEPARTMENT OF JUSTICE,
OFFICE OF PROFESSIONAL RESPONSIBILITY
950 Pennsylvania Ave., NW Suite 3266
Washington, DC 20530

        Defendants.

——————————————————————x

Case: 1:13−cv−01135
Assigned To : Boasberg, James E.
Assign. Date : 7/26/2013
Description: FOIA/Privacy Act



RECEIVED
Mail Room

JUL - 3 2013

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES, Gregory Bartko, pro se and in forma pauperis, ("Bartko")[1] and hereby files this

Complaint against the various United States government agencies and components named herein as

---

[1] At the time of filing this Complaint, Bartko has filed An Application to Proceed In Forma Pauperis in this civil action, supported by materials reflecting his current financial condition. As recited in his Application, Bartko was determined to be in forma pauperis by the United States District Court for the Eastern District

follows: United States Securities and Exchange Commission; United States Department of Justice,

Federal Bureau of Investigation; United States Postal Inspection Service; and the United States

Department of Justice, Office of Professional Responsibility (collectively referred to as the ("Defendants")).

## NATURE OF ACTION

1.      This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. Section

552 et seq. and the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. Section 552a et seq. to compel

Defendants to comply fully with FOIA and the Privacy Act, including the production of records requested

by Bartko of each Defendant. Each Defendant is statutorily mandated to comply with FOIA and the

Privacy Act.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. Section 552(a)(4)(B), 5

U.S.C. Section 552a(g)(5) and 28 U.S.C. Section 1331.

3.      Venue is proper in the District of Columbia under 5 U.S.C. Section 552(a)(4)(B) and 5

U.S.C. Section 552a(g)(5).

## THE PARTIES

4.      Bartko is an individual who considers his permanent residence to be in Ball Ground,

Georgia. Bartko is currently an inmate in the custody of the United States Department of Justice, Bureau

of Prisons and has been housed at the Yazoo Federal Correctional Institute–Low since May 21, 2012.

Bartko's current location is at 225 South Haley Barbour Parkway, Yazoo City, MS 39194-4796.

5.      Each of the Defendants named in this Complaint are agencies or component of the United

States of America and each is believed to have possession and control over the agency documents and

records that are the subject of Bartko's FOIA and Privacy Act requests which are the subject of this action

and described below.

## FACTUAL BACKGROUND AS TO ALL DEFENDANTS

6.      Over the course of the last two years, Bartko has made a series of proper, written requests

under FOIA and the Privacy Act to each of the named Defendants. Throughout this Complaint, Bartko's

---

of North Carolina on April 20, 2012 at the time he perfected his direct appeal of his November 18, 2010
conviction to the Fourth Circuit Court of Appeals. See E.D.N.C. Case No.: 5:09-cr-00321(D), [D.E. 266].

requests are collectively referred to as "FOIA Requests" and individually by inserting the name of the relevant Defendant agency as a pre-fix, i.e. "SEC FOIA Request."

7.    This Complaint has become necessary as a result of each of the Defendants having failed to comply with various aspects of FOIA and/or the Privacy Act, by having failed to produce any records described in Bartko's FOIA Requests, with the sole exception of 36 pages of redacted records delivered to Bartko by the Defendant, United States Postal Inspection Service ("USPIS") on March 14, 2013 along with a disclosure indicating that the USPIS possesses an additional 973 pages of FOIA records responsive to Bartko's request to that agency. See paragraphs 67 through 88, infra.

8.    In an Executive Order dated January 21, 2009 addressed to the "Heads of Executive Departments and Agencies," President Obama declared that "[a]ll agencies should adopt a presumption in favor of disclosure in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open government. The presumption of disclosure should be applied to all decisions involving FOIA." This Executive Order applies to each of the Defendants."

9.    In response to the January 21, 2009 Executive Order, Attorney General Eric Holder issued a March 19, 2009 Memorandum for Heads of Executive Departments and Agencies addressing the presumption of openness. Attorney General Holder explained that "an agency should not withhold information simply because it may do so legally, or withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption." This guidance applies to each of the Defendants.

10.    As of the date of filing of this Complaint, Bartko, to the best of his knowledge and belief, has exhausted all required administrative remedies applicable as a condition precedent to the filing of this action with respect to each Defendant.

11.    FOIA and the Privacy Act require each of the Defendants, upon receipt of a properly framed request for agency records, to conduct a reasonable search for the records requested and to be able to demonstrate the reasonableness of its search if challenged by a requestor to do so. These statutes also provide certain exemptions to government agencies that enable the agency to withhold production of records based upon the nature of the request and the documents or records sought by the requestor. With respect to the FOIA Requests made to the Defendants by Bartko, one or more of the

Defendants has claimed that some or all of the records requested should not be produced under a claim of exemption that the information contained in the records was compiled for law enforcement purposes under 5 U.S.C. Sections 552(b)(7)(A), (C), (D), (E) and (F). Additionally, one or more of the Defendants have failed to respond timely to Bartko's FOIA Requests as required by FOIA and the Privacy Act, which may be deemed to be improper withholding of agency records and violative of FOIA and the Privacy Act.

12.     To the extent that the Defendants have claimed exemptions from production of the records requested by Bartko, in each case, the Defendant has made an improper "blanket assertion" of the law enforcement records exemption; Defendants did not release any segregable portions of the withheld records; nor did the Defendants provide any itemization or listing of records that would enable Bartko to determine the appropriateness and scope of the Defendants' claims of exemption.

13.     To the extent Defendants have responded to Bartko's FOIA Requests, each of the Defendants have claimed that responsive records may be withheld from production based upon one or more of the subparagraphs of exemption (b)(7), being 5 U.S.C. Section 552(b)(7)(A) through (F). A threshold requirement of a valid claim of exemption from production of records under exemption (b)(7) of FOIA is that the materials must be "records or information compiled for law enforcement purposes." Exemption (b)(7) also requires that the Defendant(s) that claim the applicability of the exemption must establish that disclosure of the records would cause harm as enumerated in any of the subparagraphs (A) through (F) of the (b)(7) exemption.

14.     As described below, none of the Defendants that have claimed that exemption (b)(7) permits the withholding of records responsive to Bartko's FOIA Requests, have adequately demonstrated that the records were properly withheld under one or more of the subparagraphs of exemption (b)(7)(A) through (F). As alleged below, the Defendants claiming exemptions allowing the withholding of records have merely recited conclusory references to one or more subparagraphs of the (b)(7) exemption, providing no facts or details on how and under what circumstances the responsive records fall within the claimed exemption. In fact, none of the Defendants have indicated that their claims of exemption have been made after a physical review of any records responsive to Bartko's FOIA Requests. Defendants claiming that Exemption (b)(7)(C) permits the withholding of records responsive to Bartko's FOIA Requests have failed to demonstrate that the privacy interests of third-parties which the exemption was

designed to protect outweigh the public interest in disclosure. Based upon the following non-exclusive

factors, there is a strong cognizable public interest in disclosing the records requested by Bartko. The

facts upon which this cognizable public interest rests includes the following:

A.      There is a compelling public interest in scrutinizing federal criminal prosecutions that
include allegations and evidence which reveal that such prosecutions were conducted with a
failure to timely disclose exculpatory and impeachment evidence mandated by clearly
established federal law, the Federal Rules of Criminal Procedure, Local Rules of each jurisdiction
and principles of professional conduct binding on federal prosecutors;

B.      Bartko's FOIA Requests related not only to his own wrongful prosecution permeated by
a series of Brady/Giglio/Napue violations perpetrated by the AUSAs responsible for his
prosecution, but upon information and belief, Bartko asserts that there has been a pattern of
tainted prosecutions arising from the Easter District of North Carolina ("EDNC") which have
included similar prosecutorial misconduct.

C.      On May 17, 2013, Bartko's criminal appeal pending in the Fourth Circuit Court of
Appeals was presented for oral argument before the court. During oral argument, one or more
of the panel of appellate judges identified Bartko's prosecution as one of a series of convictions
that have come to the attention of the Fourth Circuit where similar discovery misconduct by the
prosecution has been present; that this pattern of constitutional discovery violations is of grave
concern to the court and that remedial action by the United States Attorney in that district is
seriously needed;

D.      Bartko hereby incorporates into this Complaint by reference the audio link to the May
17, 2013 oral argument conducted in his criminal appeal before the Fourth Circuit, which
includes the court's public comments  http://www.ca4.uscourts.gov/

E.      Bartko believes there is a strong and compelling public interest in identifying the scope
and duration of the prosecutorial misconduct identified by the Fourth Circuit judges during
Bartko's oral argument; the public has a cognizable interest in becoming aware of whether and
the extent to which the prosecutions arising in the EDNC are fair, constitutional or rife with
prosecutorial abuse resulting in the conviction of innocent defendants;

F.      Bartko believes that accessing his own records described in his FOIA Requests will
facilitate public discussion and awareness of these concerns.


15.     Upon information and belief, there are no law enforcement proceedings pending or

prospective in connection with the records described in Bartko's FOIA Requests. In particular, Bartko's

criminal conviction has been final for well over a year and the applicable statute of limitations for any

prospective civil or criminal actions would bar any such proceedings. Further, prior to Bartko's criminal

conviction, much of the subject matter described as "records" in Bartko's FOIA Requests were the subject

of prior criminal and civil proceedings related to third-parties whom are described in Bartko's FOIA

Requests. To the extent that records responsive to the FOIA Request have otherwise been released into

the public domain, Defendants' claims of exemption are invalid and result in an improper withholding of the requested records.

16.     Upon information and belief, none of the Defendants that have timely responded to Bartko's Privacy Act Requests, have properly claimed the exemption found in 5 U.S.C. Section 552a(j)(2), which authorizes an agency to withhold responsive records from production. As a result, the Defendants have waived any claim of exemption under the Privacy Act.

**FACTUAL BACKGROUND--UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

17.     Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

18.     On May 11, 2011, Bartko submitted a FOIA Request to the Defendant, United States Securities and Exchange Commission ("SEC"), to the SEC Office of FOIA Services, which was acknowledged as received by the SEC by letter dated May 17, 2011. Bartko's May 11, 2011 SEC FOIA Request was assigned control number 11-06932-FOIA. Bartko's SEC FOIA Request specifically requested expedited handling.  Bartko's SEC FOIA Request included records that are summarily described as: (i) relating to an SEC inquiry of either Gregory Bartko and/or the Capstone Private Equity Bridge & Mezzanine Fund, LLC conducted between January 1, 2005 and the date of the request; (ii) relating to the SEC Division of Enforcement's decision not to authorize or recommend any enforcement proceedings against Bartko or the Capstone Fund; (iii) relating to communications between SEC enforcement lawyer J. Alexander Rue and any personnel from the United States Attorneys' Office in the Eastern District of North Carolina or investigative agencies working with that office with respect to any criminal investigation of Bartko or the Capstone Fund; (iv) relating to any communications between Dr. Teo Forcht Dagi or his legal counsel and any SEC staff in the SEC's Atlanta District Office during 2005; (v) relating to Scott Bradley Hollenbeck; and (vi) relating to communications between attorney J. Wesley Covington (deceased) of Durham, North Carolina and the SEC staff in the Atlanta District Office or between that same office and Winston-Salem, NC-based attorney, Kevin Miller.

19.     By subsequent SEC response dated June 2, 2011 sent to Bartko by SEC FOIA Branch Chief, Dave Henshall, the Office of FOIA Services made a determination in connection with Bartko's May 11, 2011 request which was assigned request number 11-06932-FOIA. Mr. Henshall determined that 11 boxes of SEC records were possibly responsive to Bartko's requests.

20.     The aforesaid SEC response from Mr. Henshall advised Bartko that, if requested, the SEC would begin processing these 11 boxes of possibly responsive materials using the "first-in, first-out" or "FIFO" track system. The SEC response further advised Bartko that since records possibly responsive to his May 11, 2011 requests were voluminous, that Bartko should give consideration to submitting another, narrower FOIA request.

21.     The aforesaid SEC response also advised Bartko that should he elect to proceed by having the SEC place his request in the FIFO track system, a narrower request should be submitted with a commitment to pay fees associated with duplication of any responsive records.

22.     Finally, the aforesaid SEC response also purports to claim an exemption and permissible withholding of "other non-public records" that may be responsive to Bartko's requests, under 5 U.S.C. Section 552(b)(7)(A) and 17 C.F.R. Section 200.80(b)(7)(i). Since the SEC had not yet at that time examined any of the potentially responsive records in the 11 boxes identified, nor had any of those records been placed into the SEC's FIFO queue, any claim of the exemption (b)(7)(A) by the SEC was premature and unsupported by any examination of those records in order to determine if there was a factual and legal basis for the claim of the (b)(7)(A) exemption. This sort of "blind blanket claim of exemption" is a de facto improper withholding of agency records and violates FOIA and the Privacy Act.

23.     On June 14, 2011, Bartko submitted to the SEC Office of FOIA Services a second SEC FOIA Request which significantly narrowed the scope of the records subject to Bartko's request. Bartko's June 14, 2011 SEC FOIA Request was received by the SEC on June 22, 2011 and was assigned control number 11-08282-FOIA. Bartko elected to narrow the scope of his initial SEC FOIA Request rather than appeal Mr. Henshall's adverse determination of June 2, 2011. The SEC Office of FOIA Services responded to Bartko's narrowed request on June 22, 2011. Bartko's narrowed SEC FOIA Request was assigned a new tracking number of 11-08282-FOIA. Bartko's narrowed SEC FOIA Request included any records that relate to the SEC's inquiry of the Capstone Private Equity Bridge & Mezzanine Fund, LLC between January 1, 2005 and the date of the request conducted by any staff member of the SEC's Atlanta District Office. Again, Bartko requested expedited processing and his agreement to pay costs of duplicating responsive records.

24.     On July 20, 2011, Felicia Taylor, FOIA Lead Research Analyst with the SEC Office of FOIA Services advised Bartko by letter relating to Bartko's FOIA Request number 11-08282-FOIA that "we are consulting with other Commission staff regarding information that may be responsive to your request." The SEC response does not include any request for an extension of time.

25.     On July 26, 2011, the SEC responded to Bartko's narrowed FOIA Request number 11-08282-FOIA by a final determination letter from Dave Henshall, SEC FOIA Branch Chief. The SEC did not produce any documents or records with its response, claiming that all records responsive to Bartko's narrowed request were exempt from disclosure under exemption (b)(7)(A) of FOIA, 5 U.S.C. Section 552(b)(7)(A), 17 C.F.R. Section 200.80(b)(7)(i), stating that the exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement activities.

26.     The SEC improperly refused to produce any records under this blanket assertion of exemption (b)(7)(A), nor otherwise comply with the requirements of FOIA and the Privacy Act as alleged above. The SEC's blanket claim of exemption (b)(7)(A) was unlawful and violates FOIA and the Privacy Act. Upon information and belief, the SEC's claim of an exemption was made even before the SEC examined any possible responsive records. In fact, as recently as July 17, 2012, Ms. Taylor at the SEC Office of FOIA Services confirmed Bartko's responsive records had not yet even been placed in the FIFO track system. Before Ms. Taylor's communication on July 17, 2012, FOIA Branch Chief, Jeffrey Ovall confirmed that Bartko had no pending FOIA Request in the SEC FIFO track. Most disconcerting to Bartko was Mr. Henshall's conversation with Bartko's legal counsel on February 29, 2012 where it was confirmed that no one at the SEC had even physically checked to see what responsive records existed.

27.     On August 9, 2011, Bartko filed a proper administrative appeal of the SEC's July 26, 2011 determination. The essence of Bartko's administrative appeal was two-fold. First, that since Bartko had received some requested records from the SEC in connection with a subpoena duces tecum issued by Bartko's counsel in connection with Bartko's sentencing hearing, it was evident that the SEC had possession or control of records responsive to Bartko's SEC FOIA Request. Secondly, Bartko claimed that the SEC's blanket claim of exemption (b)(7)(A) was inappropriate since there was no longer any

reasonable expectation that disclosure of SEC records to Bartko could interfere with enforcement activities.

28. On February 21, 2012, and in response to Bartko's administrative appeal, the SEC issued a determination on the appeal by Richard M. Humes, Associate General Counsel at the SEC. Mr. Humes's response to Bartko's appeal in short states that Bartko had previously been granted access to certain investigative files (the 11 boxes of possibly responsive records), subject to the SEC's FIFO process. The response also states that SEC records related to Bartko's narrowed SEC FOIA Request are contained within the investigative file that Bartko was "already granted access to." This response after Bartko's appeal was substantively inadequate under exemption (b)(7)(A), was unlawful and violative of FOIA.

29. Upon the receipt by Bartko of Mr. Humes' letter, and as a recommended by Mr. Humes, the SEC was notified that Bartko requested the SEC FOIA Request control number 11-08282-FOIA to be placed into the FIFO track. Thereafter, Bartko waited patiently for the SEC's actual production of records.

30. Separate from Bartko's efforts to obtain production of certain SEC records, Bartko's counsel issued a subpoena duces tecum to the SEC, seeking the production of SEC records believed to be relevant to Bartko's scheduled sentencing hearing. The SEC records subject to the subpoena were inclusive of the SEC records more generally described in Bartko's SEC FOIA Requests. Bartko's efforts to obtain access to certain SEC records was separate and distinct from his SEC FOIA Request.

31. Under 5 U.S.C. Section 552(a)(6) and 17 C.F.R. Section 200.80(d)(5) and (6), Bartko had a right to administratively appeal the SEC's denial of Bartko's request number11-06932-FOIA. However, since Bartko narrowed and re-submitted his SEC FOIA Request, which was then assigned a new reference number of 11-08282-FOIA, Bartko's initial request was subsumed by his more narrow request.

32. By letter dated June 14, 2011 from Celia Jacoby, Senior Counsel in the SEC Office of General Counsel, Bartko was informed that no records responsive to the aforesaid subpoena existed and that certain records requested by Bartko by subpoena and in his SEC FOIA Requests had been destroyed. This proved to be incorrect information from the SEC Office of General Counsel as evidenced by Ms. Jacoby's subsequent transmittal letter sent to Bartko's criminal defense counsel with a limited production of SEC records responsive to the subpoena. Bartko believes that Ms. Jacoby's transmittal

letter with the limited document production was dated March 29, 2012. However, the SEC records delivered to Bartko's legal counsel in response to the referenced subpoena did not include all of those SEC records described in Bartko's SEC FOIA Request. None of the SEC FOIA correspondence mentioned the destruction of any agency records.

33.     On March 20, 2013, the SEC responded by letter of even date, signed by Jeffery Ovall, FOIA Branch Chief. This letter makes reference to "Request No. 12-00020-FIFO" which appears to be another control number following the successful appeal of Bartko's SEC FOIA Request 11-08282-FOIA. Bartko responded to Mr. Ovall's letter on March 27, 2013 by advising the SEC of his interest in obtaining the requested records without any further delay asking for expedited processing of his request.

34.     Amazingly, after almost two years after Bartko's initial SEC FOIA Request, the SEC advised Bartko that if the records requested were still sought, that it would be at least another year before any production of records, resulting in what Bartko conservatively estimates will be a three year period of time before the receipt of any records. The SEC has never made a determination on Bartko's request for expedited processing of his FOIA Requests.

35.     Pursuant to 5 U.S.C. Section 552(a)(6)(A)(ii), 5 U.S.C. Section 552 (a)(6)(B)(i), 17 C.F.R. Section 200.80(d)(6)(v) and 17 C.F.R. 200.80(d)(7), the SEC's response to a FOIA appeal is required to be made within 20 business days, unless the SEC provides written notice to the requestor setting forth unusual circumstances requiring extension of the response period, but for not more than 10 additional working days. The SEC failed to comply with these times limitations and continues to be non-compliant. The SEC's non-compliance resulted in an improper withholding of agency records.

36.     Based on various email communications exchanged among representatives of the SEC Office of FOIA Services and representatives acting on behalf of Bartko, Bartko believes that no action was taken by the SEC after July 26, 2011 to further process his SEC FOIA Requests. In effect, Bartko's requests have been delayed for processing for almost two years.

37.     Time and time again, SEC FOIA Branch Chief, Jeffrey L. Ovall, was contacted by Bartko's representatives making inquiries on the status of Bartko's SEC FOIA Requests, and repeatedly they were given inaccurate information on the status of Bartko's requests. It became apparent to Bartko that the

SEC had wholly failed to timely and properly process Bartko's SEC FOIA Request number 11-08282-FOIA.

38.     Pursuant to 5 U.S.C. Section 552a(g)(1)(D) and 17 C.F.R. Section 200.308(a)(4), the SEC's response to a Privacy Act administrative appeal is required to be made within 30 business days, unless for good cause shown, the SEC's General Counsel extends that period and advises the appellant in writing of the extension, the reasons for the extension and the anticipated date when the appeal will be decided. The SEC failed to comply with any of these time limitations.

39.     The SEC never provided written notice that it required an extension to process Bartko's SEC FOIA Request or any administrative appeal related thereto. As of the date of this Complaint, the SEC has provided Bartko with no date within which the agency intends to comply with FOIA or the Privacy Act. By letter dated March 28, 2013 to the SEC, Bartko advised the SEC's FOIA Branch Chief, Jeffrey Ovall, of his discord associated with the SEC's non-compliance and that it was Bartko's intent to file a civil action to compel compliance. In his letter to Mr. Ovall of March 28, 2013, Bartko again requested the SEC to expedite delivery of all responsive documents.

40.     No SEC records have ever been produced to Bartko in response to his SEC FOIA Requests, and Bartko has exhausted his administrative remedies in seeking SEC compliance.

## FACTUAL BACKGROUND---UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF PROFESSIONALRESPONSIBILITY

41.     Bartko repeats and re-alleges the allegations set forth in paragraphs 1 through 16, above. The OPR is a "component" of the United States Department of Justice ("DOJ") and is governed by regulations promulgated by the DOJ relating to public access to records maintained by the OPR, which are found at 28 C.F.R. Section 16.1 et seq.

42.     On January 7, 2013, Bartko submitted a FOIA and Privacy Act Request to the Defendant, United States Department of Justice, Office of Professional Responsibility ("OPR"). By letter dated January 22, 2013 from Patricia Reiersen, FOIA Specialist, the OPR acknowledged receipt of Bartko's OPR FOIA Request as of January 15, 2013, which reflects that Bartko's request was assigned request number F13-00032. Bartko's OPR FOIA Request included records that are summarily described as: (i) relating to AUSA Clay C. Wheeler and which concern violations by Wheeler of Section 9.500 et seq. of

11

the United States Attorneys' Manual; or of the "Ogden Memorandum" dated January 2010; or any ethical duties imposed upon AUSA Wheeler in his capacity as a federal prosecutor as set forth in the North Carolina Code of Professional Conduct, including Rule 3.8(d) of said rules, ABA Formal Opinion 09-454 and ABA Criminal Justice Standard 3.3-11; (ii) relating to complaints or allegations against Wheeler with regards to prosecutorial misconduct which involved withholding or concealing exculpatory evidence and/or the presentation of false or misleading evidence to a tribunal; and (iii) relating to Wheeler's supervision as an employee of the Department of Justice, United States Attorneys' Office for the Eastern District of North Carolina which reflect allegations of misconduct.

43.     In accordance with the requirements described by the OPR in its response, Bartko thereafter submitted a Certificate of Identity on the DOJ form provided to Bartko and further certified his identity by separate letter to Patricia Reiersen of the OPR, all of which were sent to the OPR on January 30, 2013.

44.     Pursuant to the provisions of FOIA, as articulated in paragraph 35 hereof, and the provisions of the Privacy Act, as articulated in paragraph 38 hereof, both of which are incorporated herein by reference, the OPR provided a timely "interim response" to Bartko's OPR FOIA Request, but has failed to comply with the time period limitations governing the actual production of OPR records responsive to Bartko's request. Nor has the OPR claimed any exemptions from such production and therefore such exemptions have been waived.

45.     The OPR never provided written notice that it required an extension of time to process Bartko's OPR FOIA Request. As of the date of this Complaint, the OPR has provided Bartko with no date within which the office intends to comply with FOIA and the Privacy Act.

46.     Because the OPR has failed to timely respond to Bartko's FOIA/Privacy Act Requests, Bartko has exhausted his administrative remedies in connection therewith.

47.     The OPR has never produced any of the records responsive to Bartko's OPR FOIA Request, nor has the OPR ever made a determination to grant or deny Bartko's request. As a result its actions are unlawful and violate FOIA and the Privacy Act as an improper withholding of agency records responsive to Bartko's FOIA Request. In addition, as described in paragraph 50, below, the DOJ referred to the OPR a separate DOJ FOIA Request Bartko made to the DOJ on March 1, 2012. Pursuant to 28

C.F.R. Sections 16.4 though 16.6 and 28 C.F.R. Section 16.40 through 16.43, the OPR is obligated to respond to the DOJ's referral of Bartko's request. The OPR has failed to comply with its referral obligation, constituting an unlawful withholding of the agency records Bartko requested from the DOJ.

**FACTUAL BACKGROUND--UNITED STATES DEPARTMENT OF JUSTICE**

48.     Bartko repeats and re-alleges the allegations set forth in paragraphs 1-16, above.

49.     On March 1, 2012, Bartko submitted a FOIA and Privacy Act Request to the Defendant, United States Department of Justice ("DOJ"). However, to the best of Bartko's knowledge and belief, the DOJ has never acknowledged or responded to this request. Bartko's DOJ FOIA Request included records that are summarily described as: (i) relating to Webb Financial Services, Inc., a North Carolina corporation; (ii) relating to Franklin Asset Exchange, LLC, a North Carolina limited liability company; (iii) relating to Legacy Resource Management, Inc. and CLR Group, Inc., both North Carolina corporations; (iv) relating to Capstone Private Equity Bridge & Mezzanine fund, LLC, a Delaware limited liability company; (v) relating to Gregory Bartko, Scott Bradley Hollenbeck, Levonda D. Leamon, Rebecca Plummer or attorney, J. Wesley Covington (deceased). To the best of Bartko's knowledge and belief, the DOJ has never responded to Bartko's FOIA Request.

50.     The DOJ referred Bartko's most recent records request to a separate component of the DOJ, the OPR, another Defendant named in this action and to whom Bartko submitted his OPR FOIA Requests. This referral was made on February 20, 2013.

51.     Bartko repeats and re-alleges the allegation set forth in paragraphs 35 and 38, above.

52.     The OPR, as a component of the DOJ, never provided written notice that it required a written extension to process Bartko's DOJ FOIA Request. As of the date of this Complaint, neither the DOJ nor the OPR has provided Bartko with any date within which either agency intends to comply with FOIA or the Privacy Act.

53.     Because the DOJ and the OPR have failed to timely respond to Bartko's FOIA/Privacy Act Requests, Bartko has exhausted all administrative remedies and the DOJ and OPR have waived any claims of exemption that may apply to the records requested.

54.     Both the DOJ and OPR have never produced any of the records responsive to either of Bartko's DOJ FOIA Requests, nor has either agency ever made a determination to grant or deny Bartko's

request. These failures to respond to Bartko's proper DOJ FOIA Request has resulted in an improper withholding of the requested DOJ agency records. Bartko has accordingly exhausted his administrative remedies.

**FACTUAL BACKGROUND--DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION**

55.    Bartko repeats and re-alleges all of the allegations set forth in paragraphs 1-16, above. The Federal Bureau of Investigation ("FBI") is a "component" of the DOJ and is governed by the regulations adopted by the DOJ governing the disclosure of records under FOIA and the Privacy Act. See 28 C.F.R. Section 16.1 et seq. and 28 C.F.R. 16.40 through 16.43.

56.    On March 1, 2012, Bartko submitted FOIA and Privacy Act Requests to the Defendant, United States Department of Justice Federal Bureau of Investigation ("FBI"). By letters dated April 17, 2012 from David M. Hardy of the FBI Records Management Division, these requests were assigned reference numbers 1185252-001, 1185253-001, 11885254-001, 1185256-001, and 11885257-001. All of which reflect that Bartko's FBI FOIA Requests were denied on the basis that all responsive records were claimed to be exempt from production under exemption (b)(7)(A), stating that the exemption protects from disclosure records compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with law enforcement proceedings. Bartko's FBI FOIA Request described the same records which he requested from the DOJ as described in paragraph 49 above.

57.    The FBI improperly refused to produce any records under this blanket assertion of exemption (b)(7)(A); it did not release any segregable portions of the withheld records or provide Bartko with a list or description of the withheld records. Nor did the FBI denial include any explanation or factual basis for its claims of exemption other than conclusory statements.

58.    On April 20, 2012, Bartko filed a proper administrative appeal of the FBI's April 17, 2012 adverse determinations with the Director, Office of Information Policy, on all five of Bartko's FBI FOIA Requests. In his administrative appeals, Bartko claimed that exemption (b)(7)(A) was no longer applicable to any records in the possession of the FBI because disclosure of these records could not reasonably be expected to interfere with enforcement proceedings as there was no longer any expectation or probability of future proceedings.

59.     Bartko supported the non-applicability of exemption (b)(7)(A) by asserting in his administrative appeals that: (i) the FBI had completed any investigation and enforcement proceedings that could relate to the records requested; and (ii) that the statute of limitations applicable to the events giving rise to Bartko's alleged unlawful conduct investigated by the FBI had by then expired. Those events were alleged to have occurred between January 15, 2004 and April 15, 2005--more than eight years ago.

60.     Associate Director of the Office of Information Policy, Janice Galli McLeod, issued a determination with respect to Bartko's appeals on June 5, 2012. Bartko interpreted this determination to be favorable and continued to wait patiently for further processing of his FBI FOIA Requests.

61.     By letter to Bartko dated August 28, 2012, Mr. Hardy of the FBI responded further by advising Bartko that upon conducting a search of FBI records, one investigative file out of the five FBI FOIA Requests was located. Mr. Hardy's correspondence further advised that FBI reference number FOIPA 1185257-001 would remain active while the other four reference numbers were administratively closed.

62.     By final letter dated November 7, 2012, Mr. Hardy of the FBI advised Bartko that approximately 1,278 pages along with one compact disk were located and potentially responsive to Bartko's request. Bartko thereafter notified Mr. Hardy's office by letter dated November 26, 2012 of his preference to take receipt of these records on compact disks and his agreement to pay the applicable fees, although Bartko also requested a waiver of fees based upon his in forma pauperis status.

63.     Bartko repeats and re-alleges the allegations set forth in paragraphs 35 and 38, above.

64.     The FBI never provided written notice that it required an extension of time to process Bartko's FBI FOIA Request number FOIPA 1185257-001. As of the date of this Complaint, the FBI has provided Bartko with no date within which the agency intends to comply with FOIA and the Privacy Act.

65.     Because the FBI has failed to timely respond to Bartko's FOIA/Privacy Act Requests, Bartko has exhausted his administrative remedies and the FBI has waived any and all unclaimed exemptions from FOIA and Privacy Act production.

66.     The FBI has never produced any of the records responsive to the FBI FOIA Request number FOIPA 1185257-001, nor has the FBI ever claimed any further exemption(s) from such production. The FBI's non-compliance with FOIA and the Privacy Act should be deemed to be an unlawful

denial of Bartko's FBI FOIA Requests and an improper withholding of agency records. The FBI's non-action violates the provisions of 28 C.F.R. Sections 16.4 through 16.6 as well as 28 C.F.R. Section 16.40 through 16.43.

### FACTUAL BACKGROUND--UNITED STATES POSTAL INSPECTION SERVICE.

67.    Bartko repeats and re-alleges the allegations set forth in paragraphs 1-16, above.

68.    On January 7, 2013, Bartko submitted a FOIA and Privacy Act Request to the Defendant, United States Postal Inspection Service ("USPIS"), a component of the United States Postal Service. By initial response dated January 14, 2013, the USPIS acknowledged receipt of Bartko's USPIS FOIA Request. The initial response advised Bartko that to continue processing this FOIA Request, a release of records authorization as required by 5 U.S.C. Section 552a(b) was necessary. Bartko's USPIS FOIA Request included records that are summarily described as all records under Bartko's name or identifier in the possession of the USPIS which related to the investigation and prosecution of Bartko conducted in the Eastern District of North Carolina.

69.    Using the Privacy Waiver and Certificate of Identity form submitted to Bartko in the initial response, written authorization by Bartko for the release of records was sent to the USPIS Office of Chief Counsel on January 29, 2013. Bartko's authorization consented to the disclosure of the requested records to be made to his sister at the address designated in the authorization form. Bartko also delivered to the Office of Chief Counsel a general power of attorney naming his sister as his attorney-in-fact.

70.    The USPIS thereafter responded further to Bartko's USPIS FOIA Request by letter dated March 14, 2013 signed by Kimberly Williams, FOIA Analyst.

71.    The March 14, 2013 response contains three significant determinations made by the USPIS: (i) the disclosure and production of 36 pages of redacted records released to Bartko at that date; (ii) claims that an additional 692 pages of records are exempt from disclosure in their entirety in accordance with 5 U.S.C. Section 552(b)(7)(C) and (D); and (iii) the disclosure of the existence of 281 additional pages of records in the USPIS's possession that originated from the FBI, the United States Department of Justice, Executive Office of the United States Attorneys ("EOUSA"), and the United States Department of the Treasury, Internal Revenue Service ("IRS").

72.     Bartko was notified of his right to appeal the USPIS partial denial of his USPIS FOIA Request within 30 days of the March 14, 2013 letter.

73.     Bartko filed a proper administrative appeal of the March 14, 2013 partial denial of the USPIS FOIA Request on April 2, 2013. Bartko's appeal contests the applicability of both FOIA exemptions claimed by the USPIS with respect to the 692 pages of records and the 281 pages of additional records which originated from the other three named agencies.

74.     Exemption (b)(7) of FOIA protects from disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure of such records would cause an enumerated harm in the subparagraphs that follow. As a preliminary matter, the USPIS has failed to demonstrate that the records withheld under exemption (b)(7) were compiled for law enforcement purposes, which is necessary to satisfy this condition of exemption (b)(7) in its partial denial. Secondarily, the USPIS has failed to demonstrate that the disclosure of such law enforcement records "could reasonably be expected to constitute an unwarranted invasion of personal privacy." See 5 U.S.C. Section (b)(7)(C).

75.     With respect to its claim of the (b)(7)(C) exemption, the USPIS has failed to articulate or conduct any balancing test between the privacy interests of any affected third parties contrasted with Bartko's interest in gaining access to the records requested. Bartko asserts that the records requested relate to government wrongdoing and misconduct with respect to Bartko's criminal conviction---hence there exists a strong public interest in disclosure of the records. Bartko's appeal outlines the public interest in disclosure of these records, which is incorporated herein by reference.

76.     Bartko repeats and re-alleges the allegations set forth in paragraphs 35 and 38, above, and further relies upon USPIS regulations at 39 C.F.R. Section 265.1 through 265.13.

77.     The USPIS never provided written notice that it required an extension to process Bartko's USPIS FOIA Request. As of the date of this Complaint, the USPIS has provided Bartko with no additional records other than the 36 pages of redacted records that were produced to Bartko with the USPIS letter dated March 14, 2013.

78.     Pursuant to the requirements of 39 C.F.R. Section 265.7, the USPIS was required to make a determination on Bartko's FOIA appeal within 20 business days of receipt of Bartko's appeal. According to the next letter Bartko received from the USPIS Chief Counsel's Office on June 3, 2013, the

USPIS could not comply with the 20 business day deadline. However, the USPIS has wholly failed to properly seek a 10 business day extension of its deadline as authorized by 39 C.F. R. Section 265.7(f), has failed to set forth any unusual circumstances justifying any extension of the deadline, and is therefore in violation of the timeframes to do so set forth in its own regulatory requirements. On June 3, 2013, Christoper T. Klepec of the USPIS Chief Counsel's Office issued a final determination on Bartko's April 2, 2013 appeal of the partial denial of Bartko's USPIS FOIA Request. Although the final determination purports to substantiate and affirm the partial denial of Bartko's FOIA Requests, these exemptions are not available to the USPIS and Bartko is entitled to judicial review of these claims of exemption. Upon information and belief, most of the responsive records are not exempt under FOIA based upon the "public domain" or "public disclosure" exception to such exemptions. Moreover, the USPIS has made no effort to locate and produce records segregable from those that may contain exempt material, nor has the USPIS endeavored to redact any identifying information within the records that would maintain any privacy interests protected by the (b)(7)(C) exemption. Bartko's request specifically permitted the USPIS to redact or delete any source identification information within the responsive records. This was never done. Because the USPIS has failed to timely respond to Bartko's FOIA/Privacy Act requests and because the final determination made by Mr. Klepec of the USPIS Chief Counsel's Office constitutes an improper withholding of the requested agency records, Bartko has exhausted his administrative remedies.

79.     The USPIS has never produced any of the remaining 692 pages or the additional 281 pages that the agency has located in its search of responsive records, as described in its letter of March 14, 2013. As a result, the non-action by the USPIS is unlawful under FOIA and constitutes an improper withholding of the requested agency records.

80.     In addition to the foregoing, as disclosed in the USPIS letter of March 14, 2013, a referral of Bartko's USPIS FOIA Request was made to the IRS with respect to records in its possession which it claims originated with the IRS. By letter dated April 17, 2013, the IRS responded to Bartko by disclosing its possession of 136 pages of responsive records and notifying Bartko that the agency could not deliver these records within the 20 business day period allowed by FOIA. The IRS notified Bartko that due to unusual circumstances, the IRS required 10 additional business days to produce the records.

81.     According to the subsequent IRS response of April 17, 2013, records responsive to his requests should have been delivered to Bartko no later than May 1, 2013.

82.     In the next IRS response dated April 26, 2013, the IRS denied all of Bartko's USPIS FOIA Requests that were referred to the IRS as the originating agency. This denial covered 136 pages of records disclosed to exist in the USPIS and IRS records. The stated basis for the IRS denial was FOIA exemptions 5. U.S.C. Sections 552(b)(3), (b)(7)(C), (D), (E), and (F).

83.     Even though the USPIS referred Bartko's USPIS FOIA Request to three other components of the government whom are bound to comply with FOIA and the Privacy Act, it is the USPIS that remains obligated to process Bartko's requests. The USPIS has failed to timely process Bartko's requests referred to these three agencies, which is unlawful under FOIA and constitutes an improper withholding of agency records.

84.     On May 20, 2013, Bartko administratively appealed the denial of access to the 136 pages of records originated from the IRS.  Bartko's appeal is now pending and no final administrative determination by the IRS has yet been made. Judicial review of the IRS denial of the requested records is not yet available at the date of this Complaint.

85.     In the event the USPIS and the IRS continue to deny access to Bartko of the records originated from the IRS as described above, or the IRS otherwise fails to comply with FOIA or the Privacy Act, Bartko intends to seek leave of Court to amend his Complaint to add the IRS as a party-Defendant.

86.     The withholding of the 281 pages of responsive records identified in the USPIS response of March 14, 2013 constitutes an improper withholding of these records and is unlawful under FOIA and the Privacy Act. With the exception of the 136 pages of records which originated from the IRS as revealed in paragraph 80, above, the effect of the USPIS's referral of Bartko's requests to the FBI, the IRS, and the EOUSA significantly impairs Bartko's ability to obtain those records and significantly increases the amount of time Bartko must wait to obtain them. The USPIS referral of Bartko's FOIA Requests to the FBI, the EOUSA and OPR, which have never been responded to, should be treated as an unreasonable, unlawful denial of Bartko's FOIA Requests.

87.     The USPIS has failed to inform Bartko of any statutory or regulatory procedure that governs the referral of Bartko's USPIS FOIA Request to other non-party agencies, nor has the USPIS

given Bartko any reasonable explanation of the referral procedure it relies upon. Under such circumstances, with regards to the USPIS referral to the FBI, the EOUSA and the IRS, its actions are unlawful and violative of both statutes and has resulted in an improper withholding of agency records.

88.     As of the date of this Complaint, the IRS has failed to produce any records in response to the USPIS FOIA Request or its April 26, 2013 letter.

## BACKGROUND INFORMATION--UNITED STATES DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE OFTHE UNITED STATES ATTORNEYS' OFFICE

89.     Bartko repeats and re-alleges the allegations set forth in paragraphs 1-16, above. The EOUSA is a "component" of the DOJ and is governed by the regulations adopted by the DOJ governing the disclosure of records under FOIA and the Privacy Act. See 28 C.F.R. Section 16.1 et seq. and 28 C.F.R. Section 16.40 et seq.

90.     Bartko repeats and re-alleges the allegations set forth in paragraphs 67 through 88, above.

91.     As disclosed in the March 14, 2013 response to Bartko by the USPIS, 281 additional pages of responsive records in possession of the USPIS originated from the IRS, FBI and EOUSA. Of those additional records, approximately 145 pages of the responsive records originated from the FBI and/or EOUSA.

92.     Upon information and belief, Bartko asserts that any of the responsive records in the possession of the USPIS that originated from the FBI are likely to be inclusive of the responsive records located by the FBI in response to Bartko's FBI FOIA Requests as described by Mr. Hardy's letter of November 7, 2012, bearing reference number FIOPA 1185257-001.

93.     Upon further information and belief, Bartko asserts that a portion of the 281 pages of additional records in the possession of the USPIS originated from the EOUSA, as revealed in the March 14, 2013 USPIS response. The EOUSA has possession or control of those responsive records.

94.     On or about April 17, 2013, Bartko alleges upon information and belief, that the EOUSA received a notice of referral of Bartko's USPIS FOIA Response and was required to respond to Bartko's FOIA Request no later than 20 business days thereafter, being May 15, 2013.

95.     The EOUSA has unlawfully failed to respond to the USPIS referral of Bartko's FOIA Requests. In fact, no response has ever been received by Bartko from the EOUSA. In the event that the

EOUSA continues to deny access to Bartko of the records originated by that agency as described above, or the EOUSA otherwise fails to comply with FOIA or the Privacy Act, Bartko intends to seek leave of Court to amend his Complaint to add the EOUSA as a party-Defendant.

96.    Bartko has exhausted his administrative remedies against the EOUSA. The failure to respond to the USPIS referral of Bartko's FOIA Request or to produce agency records responsive thereto constitutes an improper withholding of the records in possession of the EOUSA.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

97.    Bartko repeats and re-alleges all of the allegations of the foregoing paragraphs.

98.    Bartko is entitled to a declaration that each of the Defendants have failed to respond to certain of his FOIA requests or assert any exemption under FOIA which would justify withholding the requested records and as a consequence, Defendants have violated FOIA and their actions are unlawful.

### SECOND CLAIM FOR RELIEF

99.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

100.    Bartko is entitled to a declaration that the Defendants' failure to respond to his Privacy Act requests or assert an exemption under the Privacy Act to justify withholding the requested records violates the Privacy Act and is unlawful.

### THIRD CLAIM FOR RELIEF

101.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

102.    Bartko is entitled to a declaration that the Defendants' failure to provide details of the searches conducted by each to determine the existence of records responsive to certain of his FOIA and Privacy Act Requests violates FOIA and the Privacy Act and is unlawful.

### FOURTH CLAIM FOR RELIEF

103.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

104.    Bartko is entitled to a declaration that the Defendants' failure to respond to his administrative appeals within the time frame set forth in FOIA and the Privacy Act and/or the regulations promulgated there under violates FOIA and the Privacy Act and is unlawful.

### FIFTH CLAIM FOR RELIEF

105.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

106.    Upon information and belief, the records sought in Bartko's FOIA Requests are in the custody and control of each of the agencies named herein as Defendants with respect to the specific records requested from each Defendant, and are not subject to any valid claim of exemption allowing them to be withheld from public disclosure.

107.    Bartko has exhausted all required and available administrative remedies against the Defendants.

108.    Bartko has a legal right under FOIA to obtain the information and records he seeks, and there is no legal basis for the Defendants' denial of his FOIA Requests.

109.    An actual and justiciable controversy exists in that the Defendants have failed to disclose and produce the records sought in Bartko's FOIA Requests although they each have a statutory duty to do so.

110.    As a result of the foregoing, Bartko is entitled to a declaration that each of the Defendants is obligated to provide him with copies of the records sought in his FOIA Requests.

### SIXTH CLAIM FOR RELIEF

111.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

112.    Bartko is entitled to an injunction compelling each Defendant to provide him with copies of the records sought in his FOIA Requests.

### SEVENTH CLAIM FOR RELIEF

113.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

114.    Upon information and belief, the records sought in Bartko's Privacy Act Requests are in the custody and control of the Defendants named in this action and are not subject to any valid claim of exemption from public disclosure.

115.    Bartko has exhausted all required and available administrative remedies against the Defendants.

116.    Bartko has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for the Defendants' denial of his Privacy Act Requests.

117.    An actual and justiciable controversy exists because the Defendants have each failed to disclose the records sought in Bartko's Privacy Act requests although they each have a statutory duty to do so.

118.    As a result, Bartko is entitled to a declaration that each Defendant is obligated to provide him with copies of the records sought in his Privacy Act Requests.

### EIGHTH CLAIM FOR RELIEF

119.    Bartko repeats and re-alleges all of the allegations in the foregoing paragraphs.

120.    Bartko is entitled to an injunction compelling the Defendants to provide him with copies of the records sought in his Privacy Act Requests.

### CLAIMS FOR RELIEF

WHEREFORE, Bartko requests that this Court:

(A).    Declare that the Defendants' failure to respond to certain of Bartko's FOIA Requests or assert any valid exemption under FOIA to justify withholding requested records, violates FOIA and is unlawful;

(B).    Declare that the Defendants' failure to respond to certain of Bartko's Privacy Act Requests or assert any valid exemption under the Privacy Act to justify withholding requested records violates the Privacy Act and is unlawful;

(C).    Declare that the Defendants' failure to provide details of the searches they each undertook to determine that no responsive records exist for certain of Bartko's FOIA and Privacy Act Requests, violates FOIA and the Privacy Act and is unlawful;

(D).    Declare that certain of the Defendants, to wit: the SEC, OPR, FBI and the USPIS have failed to properly and timely respond to Bartko's administrative appeals of those agencies action and inaction, within the time frame set forth in FOIA and the Privacy Act and/or regulations promulgated there under, violates FOIA and the Privacy Act and is unlawful;

(E).    Declare that Bartko is entitled to copies of the records sought by his FOIA Requests, and with respect to his SEC FOIA Request and his FBI FOIA Request, that Bartko is entitled to have production of the responsive records delivered to him on an expedited basis;

(F). Declare that Bartko is entitle to an injunction compelling the Defendants to produce copies of the records sought by his FOIA Requests;

(G). Declare that Bartko is entitled to copies of the records sought by Bartko's Privacy Act Requests;

(H). Issue an injunction compelling the Defendants to produce copied of the records sought by Bartko's Privacy Act Requests;

(I). Award Bartko his costs and a reasonable attorney's fee in this action as provided by 5 U.S.C. Section 552(a)(4)(E) and 5 U.S.C. Section 552a(g)(2)(B); and

(j). Grant such other and further relief as this Court may deem just and proper.

Dated this 30th day of June, 2013.

Respectfully Submitted,

*Gregory Bartko*

Gregory Bartko, Pro Se
Registration No: 61509019
FCI Yazoo City Low Unit B1
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194